**UNITED STATES of America, Appellee,**

v.

**Franklin L. McNULTY, Appellant.**

**No. 75–1949.**

United States Court of Appeals, Ninth Circuit.

Jan. 21, 1976.

Certiorari Denied May 19, 1976.

See 96 S.Ct. 2170.

Richard J. Sideman, U. S. Atty. (argued), San Francisco, Cal., for appellee.

Stephen J. Heiser (argued), of Singer & Osterhoudt, San Francisco, Cal., for appellant.

## OPINION

Before KOELSCH and CHOY, Circuit Judges, and ANDERSON,* District Judge.

J. BLAINE ANDERSON, District Judge:

Appellant, an Irish Hospital Sweepstakes winner, set for himself and successfully navigated a firm course leading to the shoals and rocks of a guilty verdict.

Prosecution was under a single count indictment charging appellant with willfully attempting to evade and defeat a tax on income received during 1973, and the payment thereof by concealing or attempting to conceal his true income, in violation of 26 U.S.C. 7201.[1] The conviction is affirmed.

In March of 1973 McNulty was advised of his good fortune and confided in several friends that he did not intend to pay any income tax on his winnings. On three occasions McNulty consulted I.R.S. personnel with regard to his tax liability on estimated winnings of $130,000.00. On each occasion he was advised of the approximate tax liability and that leaving the money in Ireland would not eliminate his accountability and the tax. In late May, 1973, McNulty traveled to Ireland, picked up his winnings and then stopped at St. Helier in the Channel Islands and deposited approximately $125,000.00 and brought $3,000.00 back with him to the United States. Prior to and at the time of the deposit McNulty knew that the Channel Islands had strict laws forbidding disclosure of deposits made by citizens of the United States and this included nondisclosure to the I.R.S. McNulty did not file a return or pay a tax on his winnings. The return and payment were due April 15, 1974.

In spite of warnings and advice from three lower echelon I.R.S. representatives, his own attorney, and several friends, received at varying times as his voyage progressed, McNulty devised and pursued his course of action.

---

* Honorable J. Blaine Anderson, United States District Judge, District of Idaho, sitting by designation.

1. "§ 7201. *Attempt to evade or defeat tax*

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution."

McNulty attempts to raise a number of issues on appeal, none of which were presented in the district court and reserved for appellate review. We have carefully examined the entire record and find no exceptional circumstances justifying invocation of the "plain error" rule. Rule 52(b), Fed.Rules Cr.Proc., *United States v. Sheley,* 447 F.2d 455 (9th Cir. 1971), *cert. denied,* 404 U.S. 1022, 92 S.Ct. 698, 30 L.Ed.2d 672 (1972). In point of fact and law, there is no error.

 The only point preserved for review in this Court is appellant's assertion that the indictment "charges basically a misdemeanor." The indictment in apt and sufficient language charges the felony proscribed by 26 U.S.C. § 7201. It charges with particularity the times, the amounts, and the method and manner by which McNulty sought to "willfully and knowingly attempt to evade and defeat said income tax . . ., and the payment thereof, by failing to make such individual income tax return, . . . and by failing to pay [the tax] . . . and by concealing and attempting to conceal from . . . officers of the United States his true and correct taxable income for the calendar year 1973." McNulty relies on *Spies v. United States,* 317 U.S. 492, 498–500, 63 S.Ct. 364, 87 L.Ed. 418 (1943). There is more here than in *Spies.* In the present case the appellant did not file a return or pay a tax and also made the foreign deposit with full knowledge of the strict non-disclosure laws. At the very least, there was a willful *attempt* to conceal and thus to evade. There was sufficient allegation and proof of some affirmative act rather than only the mere omission to file and to pay. *United States v. Spies,* *supra.* The jury was fully and correctly instructed in this regard. McNulty did not object to the instructions as given and made no request for an instruction on the misdemeanor as a lesser included offense, 26 U.S.C. § 7203.[2]

 McNulty's argument that disclosure of his winnings to lower echelon I.R.S. employees completely destroys the concealment or attempted concealment is specious and totally without merit on the facts here. It goes under the guise of honest disclosure, but in truth is based on active deception.

Affirmed.

2. "§ 7203. *Willful failure to file return, supply information, or pay tax*

Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution."