### UNITED STATES of America, Plaintiff-Appellee,

v.

### Norman C. EDWARDS, Jr., Robert H. Bolden, Jr., Defendants-Appellants.

#### No. 84–5968.

United States Court of Appeals, Eleventh Circuit.

Dec. 6, 1985.

D. Robert Silber, Harry Hipler, Ft. Lauderdale, Fla., for defendants-appellants.

Sky E. Smith, Smith & Gellman, Miami, Fla., for Bolden.

Caroline Heck, Asst. U.S. Atty., Miami, Fla., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Robert E. Lindsay, Donald W. Searles, Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before FAY and JOHNSON, Circuit Judges, and HOFFMAN,* District Judge.

WALTER E. HOFFMAN, District Judge:

A four-count indictment on March 2, 1984, charged defendants Norman C. Edwards, Jr. and Robert H. Bolden, Jr. with conspiracy to import and to possess with intent to distribute marijuana, in violation of 18 U.S.C. § 2, and 21 U.S.C. §§ 841(a)(1), 846, 952(a), 960, and 963. Upon the government's motion, this indictment was immediately sealed.

On March 22, 1984, a superseding indictment realleged the four counts of the original indictment and added numerous tax-related counts. Counts VII and VIII charged Bolden with violations of 26 U.S.C. § 7201, attempting to evade and defeat income taxes due the United States. Counts IX, X and XI charged Edwards with violations of 26 U.S.C. § 7206(1), willfully subscribing tax returns which he did not believe to be true and correct. Upon the government's motion, the superseding indictment was also sealed. Bolden and Edwards were arrested on March 22, 1984.

The district court affirmed and adopted the recommendations of the magistrate that the defendants' various motions to dismiss be denied. On October 4, 1984, Edwards entered into a plea agreement with the government, pleading guilty to one drug and one tax count in exchange for the government's dismissing the remaining counts at the time of sentencing. Subject to the court's permission and pursuant to Fed.R.Cr.P. 11(a)(2), the parties agreed that Edwards could appeal the court's denial of his motion to dismiss. On October 9, 1984, Bolden entered into a similar plea agreement, likewise preserving his right to appeal the denial of his motion to dismiss.

The district court accepted Edwards' and Bolden's conditional guilty pleas. On December 13, 1984, Bolden was sentenced to 48 months of imprisonment followed by a two-year special parole term and a fine of $15,000 on the drug charge. On the tax charge, Bolden is placed on five years probation to be served upon completion of his sentence. Additionally, Bolden must pay a fine of $10,000 and perform 400 hours of community service annually during his probation period.[1] The court sentenced Edwards to 30 months of imprisonment on the drug charge, followed by a two-year special parole term. Upon completion of the drug sentence, Edwards is placed on probation for three years on the tax count, must pay a $5,000 fine, and must perform 400 hours of community service annually during the probation period.[2]

---

*Honorable Walter E. Hoffman, U.S. District Judge for the Eastern District of Virginia, sitting by designation.

1. The actual language of the order states, in pertinent part: "ORDERED AND ADJUDGED that imposition of sentence of confinement shall be withheld as to Count Eight and upon completion of defendant's sentence as to Count One and any parole term which may occur, the defendant shall be placed on probation for a period of FIVE (5) YEARS under the Standing Conditions of Probation as defined by the Court's Order entered August 1, 1964, and upon the following special conditions of probation:" (R. 471) However, since sentences must be imposed immediately and not withheld, we construe the quoted language to mean that Bolden's sentence of probation was imposed on December 13, 1984.

2. The actual language of Edwards' sentence also indicates that imposition of sentence is withheld. (R. 473) We construe this language to mean that the sentence of probation was imposed on December 13, 1984.

We affirm the judgments of conviction, based upon the conditional pleas of guilty in these cases which have been consolidated for appellate purposes.

## DISCUSSION

### Sealed Indictment

■ Defendants assert that Counts I through IV found in the first indictment and realleged in the second indictment should be dismissed as time barred by 18 U.S.C. § 3282.[3] When the grand jury returned the first indictment on March 2, 1984, four days remained before the five-year deadline expired on the drug charges.[4] The superseding indictment, returned March 22, 1984, was brought sixteen days after the expiration of the five-year statute of limitations as to the drug counts; the tax counts have a six-year limitation. The original indictment was clearly timely filed. In general, a statute of limitations is tolled by the timely filing of an indictment. *United States v. Grady,* 544 F.2d 598, 601 (2d Cir.1976).

■ Furthermore, the government may properly request the sealing of an indictment for a period beyond the statute of limitations. An indictment sealed pursuant to Fed.R.Cr.P. 6(e)(4)[5] is timely even though the defendant is not arrested and the indictment is not made public until after the end of the statutory limitations period. *United States v. Muse,* 633 F.2d 1041 (2d Cir.1980) (*en banc*), *cert. denied,* 450 U.S. 984, 101 S.Ct. 1522, 67 L.Ed.2d 820 (1981); *United States v. Michael,* 180 F.2d 55 (3d Cir.1949), *cert. denied, sub nom., United States v. Knight,* 339 U.S. 978, 70 S.Ct. 1023, 94 L.Ed. 1383 (1950). Therefore, the government's actions in request-

ing the sealing of the original indictment are consistent with those contemplated under the aegis of Fed.R.Cr.P. 6(e)(4).

Defendants also assert that the government's reasons for seeking to seal the original indictment were improper. Both Edwards and Bolden maintain that an indictment may not be sealed for the government's convenience and contend that the government's actions deprived them of due process. *See United States v. Watson,* 599 F.2d 1149, 1155 (2d Cir.1979), *modified sub nom. United States v. Muse,* 633 F.2d 1041 (2d Cir.1980) (*en banc*), *cert. denied,* 450 U.S. 984, 101 S.Ct. 1522, 67 L.Ed.2d 820 (1981) (government may not request the sealing of an indictment for more than a reasonable time after statute of limitations has expired). Edwards argues that the government had no legitimate prosecutorial need to seal the original indictment and asserts that Counts I through IV consequently should be dismissed. In support of this argument, Edwards relies upon a narrow interpretation of Fed.R.Cr.P. 6(e)(4), that the only valid reasons for sealing an indictment are to locate and to gain custody over defendant. *See, e.g., Watson,* 599 F.2d at 1155; *United States v. Cosolito,* 488 F.Supp. 531 (D.Mass.1980); *United States v. Sherwood,* 38 F.R.D. 14, 20 (D.Conn.1964). We do not accept this limiting interpretation of the Federal Rules of Criminal Procedure.

### Prosecutorial Purpose

A recent decision of the Second Circuit addresses precisely the issue raised in this appeal: what reasons justify the sealing of an indictment. In *United States v. Southland,* 760 F.2d 1366 (2d Cir.1985), Judge Friendly provides an analytical and historical perspective to Fed.R.Cr.P. 6(e)(4).

---

**3.** 18 U.S.C. § 3282 states:

Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

**4.** The last overt act relevant to these cases is alleged to have occurred on March 6, 1979.

**5.** Fed.R.Cr.P. 6(e)(4) states:

The federal magistrate to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial. Thereupon the clerk shall seal the indictment and no person shall disclose the return of the indictment except when necessary for the issuance and execution of a warrant or summons.

*Southland* cites an opinion by Judge Maris written only three years after the Criminal Rules were adopted:

> Criminal Procedure Rule 6(e) authorizes indictments to be kept secret during the time required to take the defendant into custody. If such secrecy may lawfully be imposed in that situation we see nothing unlawful in the court imposing secrecy in other circumstances which in the exercise of a sound discretion it finds call for such action.

*United States v. Michael,* 180 F.2d 55, 57 (3d Cir.1949), *cert. denied sub nom. United States v. Knight,* 339 U.S. 978, 70 S.Ct. 1023, 94 L.Ed. 1383 (1950). Judge Friendly concludes that the *Michael* court would scarcely have made the statement if the taking of custody had been the sole objective of Fed.R.Cr.P. 6(e)(4). *Southland,* 760 F.2d at 1379.

■ *Southland* continues its historical analysis by delving into the practice of the courts at the time the Rule was written and concludes that courts then ordered an indictment to be sealed, "[W]here the public interest requires it, or for other sufficient reason,"[6] or "for sound reasons of policy."[7] *Southland,* 760 F.2d at 1379, 1380. Judge Friendly also explains that the Federal Rules of Criminal Procedure were not meant to be exhaustive. Therefore, that the Rule omits an enumeration of the reasons for which an indictment may be sealed is not to be read as a restriction on those reasons. In sum, reasons other than taking defendants into custody validly support the sealing of an indictment.

**Magistrate's Decision**

In the present case, we must decide whether the prosecutorial needs and objectives justified the sealing of the indictment.

Again, the words of Judge Friendly are instructive:

> This is a point on which great deference should be accorded to the discretion of the magistrate, at least in the absence of any evidence of substantial prejudice to the defendant. The Government should be able, except in the most extraordinary cases, to rely on that decision rather than risk dismissal of an indictment, the sealing of which it might have been willing to forego, because an appellate court sees things differently, after the expenditure of vast resources at a trial and at a time when reindictment is by hypothesis impossible.

*Southland,* 760 F.2d at 1380. Defendants argue at length that the colloquy which transpired between the magistrate and the government counsel regarding the need to seal the indictment is reflective of an improper purpose, *i.e.,* a purpose other than the need to take the defendant into custody. In fact, the record shows that the magistrate does suggest that an appropriate procedure would have been to have arrested the defendants on the original indictment and later to have superseded that indictment with a second which added the tax counts. The tax counts are subject to a six-year statute of limitations and, unlike the drug counts, were not threatened by a time bar, on March 2, 1984.

■ If, as Edwards argues, the magistrate recognized that the government's only reason for filing the original indictment was to toll the running of the statute of limitations, the magistrate nonetheless granted the government's motion to seal the indictment. We align ourselves with the Second Circuit in according great deference to the discretion of the magistrate. Tolling the statute of limitations on

6. Hansel & Walser, *Defending and Prosecuting Federal Criminal Cases,* § 230, at 300 (2d ed. 1946); *accord* 1 Matthews, *How to Try a Federal Criminal Case* § 215, at 318–19 (1960).

7. These words were used to describe present practice by Judge George Medalie, Associate Judge of the New York Court of Appeals, former United States Attorney for the Southern District of New York and member of the Supreme Court Advisory Committee on Criminal Rules. The occasion was a symposium on the Rules of Criminal Procedure sponsored by the New York University School of Law, the American Bar Association, and the Federal Bar Association. VI *Proceedings of the New York University Law School Institute on the Federal Rules of Criminal Procedure,* 155 (1946).

charges of conspiracy to import with intent to distribute thousands of pounds of marijuana is arguably required by the public interest and supported by sound reasons of policy. We uphold the discretion of the magistrate in this decision and find that her suggestion of an alternative procedure is not necessarily indicative of a questionable prosecutorial objective.

**Actual Prejudice**

■ The plethora of cases which the defendants cite in support of their motion to dismiss the counts allegedly time barred contain a common thread. Courts have dismissed indictments maintained under seal beyond the limitation period only upon a showing of substantial, irreparable, actual prejudice to the defendants. *See e.g., United States v. Watson,* 599 F.2d 1149 (2d Cir.1979), *(en banc) modified sub nom. United States v. Muse,* 633 F.2d 1041 (2d Cir.1980), *cert. denied,* 450 U.S. 984, 101 S.Ct. 1522, 67 L.Ed.2d 820 (1981); *United States v. Slochowsky,* 575 F.Supp. 1562 (E.D.N.Y.1983); *United States v. Cosolito,* 488 F.Supp. 531 (D.Mass.1980); *United States v. Heckler,* 428 F.Supp. 269 (S.D.N.Y.1976). In the present case, the magistrate found no prejudice to the defendants. Although the defendants allege that they were prejudiced by the twenty-day sealing of the indictment, they make no factual showing as to the inaccessibility of witnesses, the diminution of memories, or other indicia of actual prejudice. Therefore, we find that the defendants were in no way prejudiced by the sealing of the indictment and that the twenty-day sealing was not an unreasonable prosecutorial delay.

**Superseding Indictment**

■ The government's superseding indictment, returned March 22, 1984, real-

leged precisely the drug charges, Counts I through IV, and added tax charges, Counts VII through XI which are relevant to this appeal. Clearly, a prosecutor may seek a superseding indictment at any time prior to trial on the merits, so long as the purpose is not to harass the defendant. *United States v. Del Vecchio,* 707 F.2d 1214, 1216 (11th Cir.1983). The record indicates no governmental intent to harass either defendant by the superseding indictment.

■ Defendants contend that the superseding indictment is impermissible because it broadens and substantially amends the charges made in the original indictment. *United States v. Grady,* 544 F.2d 598, 602 (2d Cir.1976). However, the superseding indictment realleged exactly the charges brought in Counts I through IV of the original indictment. These counts were neither broadened nor amended and, therefore, do not violate the *Grady* guidelines. As previously established, these drug charges were timely brought and the indictment properly sealed for a reasonable time.

The tax charges against the defendants added in Counts V through XI are subject to a six-year statute of limitations[8] and were timely brought in the superseding indictment. These added charges did not improperly broaden or amend the original charges and did not violate the guidelines of *Grady,* 544 F.2d at 602. *See also United States v. Friedman,* 649 F.2d 199, 204 (3d Cir.1981) (substantial alteration of the charges); *United States v. O'Neill,* 463 F.Supp. 1205, 1207 (E.D.Pa.1979) (substantial amendment of the original indictment). The tax charges did put the defendants on notice, in a timely manner, of those charges against which they had to defend. *Toussie v. United States,* 397 U.S. 112, 114–15, 90 S.Ct. 858, 859–60, 25 L.Ed.2d 156 (1970). The superseding indictment is, therefore,

---

**8.** 26 U.S.C. § 6531 says in pertinent part:
No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years

(1) for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner; ...

(5) for offenses described in sections 7206(1) and 7207 (relating to false statements and fraudulent documents);

entirely appropriate; the charges therein should not be dismissed.

**Misdemeanor or Felony**

Defendant Bolden poses an interesting question as to whether a taxpayer who does not file a return may be prosecuted under 26 U.S.C. § 7201.[9] Bolden maintains that Counts VII and VIII of the superseding indictment do not charge violations of § 7201 because they do not allege any affirmative act constituting an evasion or attempted evasion of tax. Bolden concedes that the two counts contain appropriate language to permit his conviction under the misdemeanor statute for willful failure to file a tax return or pay a tax, § 7203.[10]

▮ The test to determine the adequacy of an indictment is set forth in *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974):

> ... an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

Additionally, an indictment that adheres to the language of the statute is generally sufficient so long as the indictment sets forth the essential elements of the crime. *Hamling*, 418 U.S. at 117, 94 S.Ct. at 2907; *United States v. Harrell*, 737 F.2d 971, 975 (11th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1392, 84 L.Ed.2d 781 (Sup.Ct. 1985); *United States v. Ramos*, 666 F.2d 469, 474 (11th Cir.1982).

▮ The essential elements that must be established to prove a violation of § 7201 are willfulness, the existence of a tax deficiency, and an affirmative act constituting an evasion or attempted evasion of the tax. *Sansone v. United States*, 380

U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965). Thus, the essential elements stated in Bolden's indictment are that he (1) failed to make a return and (2) failed to pay the tax (3) by concealing and attempting to conceal from all proper officers of the United States of America his true and correct taxable income. The primary inquiry focuses upon the third element. Does the allegation of concealing or attempting to conceal income charge an affirmative act of tax evasion and not state a mere legal conclusion as Bolden contends? Our inquiry is whether concealing income is a distinct form of conduct made criminal with respect to which the requisite criminal intent of willfulness exists. *U.S. v. Platt*, 435 F.2d 789, 793 (2d Cir.1970). We find that concealing income, alleged in the conjunctive with other acts in Counts VII and VIII, is a willful commission as required by § 7201.

Bolden relies on *United States v. McNulty*, 528 F.2d 1223 (9th Cir.1976), *cert. denied*, 425 U.S. 972, 96 S.Ct. 2170, 48 L.Ed.2d 796, as an example of a proper indictment for an affirmative act of concealment of income. The *McNulty* court observed that the indictment charged "with particularity the times, the amounts, and the methods and manner by which McNulty sought to willfully and knowingly attempt to evade and defeat said income tax...." *McNulty*, 528 F.2d at 1225. However, in revenue offenses, an allegation of the particular means by which the defendant attempted to evade and defeat the tax is not required. *Reynolds v. United States*, 225 F.2d 123, 126 (5th Cir.1955), *cert. denied*, 350 U.S. 914, 76 S.Ct. 197, 100 L.Ed. 801 (1955); *United States v. Miro*, 60 F.2d 58, 60–61 (2d Cir.1932); *Capone v. United States*, 56 F.2d 927, 931 (7th Cir.1932), *cert.*

---

**9.** 26 U.S.C. § 7201 provides:

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony....

**10.** 26 U.S.C. § 7203 provides:

Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015), keep any records, or supply any information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor....

*denied,* 286 U.S. 553, 52 S.Ct. 503, 76 L.Ed. 1288 (1932). Additionally, language substantially similar to that used in Counts VII and VIII of the present case has been held sufficient to allege a violation of § 7201. *Elwert v. United States,* 231 F.2d 928, 931–32 (9th Cir.1956). Consequently, we find that Counts VII and VIII adequately allege an affirmative act of tax evasion as required by § 7201 and hold that defendant Bolden's plea of guilty on Count VIII is affirmed.

**Privilege Against Self-Incrimination**

Defendant Edwards appeals the district court's denial of his motion to dismiss Counts IX, X, and XI of the superseding indictment. These counts allege violations of 26 U.S.C. § 7206(1).[11] Edwards argues first that the three counts violate his Fifth Amendment privilege against self-incrimination. Edwards is charged with willfully filing an income tax return that he did not believe to be true and correct as to every material matter. The government asserts that Edwards understated the amount of his income by failing to disclose that he had received substantial gross receipts from the distribution of marijuana.

■■■ Edwards argues that he may apply the Fifth Amendment privilege against self-incrimination in not revealing either the source or the amount of his income, citing *Garner v. United States,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976) and *United States v. Paepke,* 550 F.2d 385 (7th Cir.1977). What Edwards fails to acknowledge are the limited circumstances under which a taxpayer may decline to state the amount of his income, *i.e.,* when the amount alone might have incriminated him. The facts of Edwards' situation do not support such a position. As the court noted in *Paepke,* the defendant had a choice; he could have listed the amount of his income, paid the proper tax, and

claimed the Fifth Amendment privilege as to its source. *Paepke,* 550 F.2d at 391.

Since Edwards failed to disclose not only the source of but also the amount of substantial gross receipts, he may not rely on those cases which hold that the source of income may be privileged. *United States v. Goetz,* 746 F.2d 705, 710 (11th Cir.1984); *United States v. Vance,* 730 F.2d 736, 738 (11th Cir.1984); *United States v. Pilcher,* 672 F.2d 875 (11th Cir.1982), *cert. denied,* 459 U.S. 973, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982); *United States v. Booher,* 641 F.2d 218, 220 (5th Cir.1981); *United States v. Johnson,* 577 F.2d 1304, 1311 (5th Cir. 1978), *rehearing denied,* 584 F.2d 389 (5th Cir.1978). Uniformly, these cases also held that the amount of a taxpayer's income is not privileged. Therefore, Edwards' Fifth Amendment argument is without merit.

**Burden of Proof**

■■■ Edwards' contention that the prosecution unconstitutionally shifted the burden of proof onto him to prove his innocence is also unsuccessful and frivolous. In order to sustain a conviction under 26 U.S.C. § 7206(1), the government must prove that: (1) there was a making and subscribing of a tax return which contained a written declaration that it was made under the penalties of perjury; (2) the maker or subscriber did not believe the return to be true and correct as to every material matter; and (3) the maker or subscriber acted in a willful, as opposed to a negligent manner. *See United States v. Fontenot,* 628 F.2d 921 (5th Cir.1980), *cert. denied* 452 U.S. 905, 101 S.Ct. 3030, 69 L.Ed.2d 406 (1981); *Hoover v. United States,* 358 F.2d 87 (5th Cir.1966), *cert. denied,* 385 U.S. 822, 87 S.Ct. 50, 17 L.Ed.2d 59 (1966). The courts have also provided examples of material false statements. *United States v. Holladay,* 566 F.2d 1018, 1020 (5th Cir. 1978), *cert. denied* 439 U.S. 831, 99 S.Ct. 108, 58 L.Ed.2d 125 (1978) (failure to report

**11.** 26 U.S.C. § 7206(1) provides in pertinent part:
Any person who—
(1) *Declaration under penalties of perjury.* —Willfully makes and subscribes any return, statement, or other document, which contains

or is verified by a written declaration that it is made under penalties of perjury, and which he does not believe to be true and correct as to every material matter; ... shall be guilty of a felony....

substantial gross receipts); *United States v. Garcilaso de la Vega,* 489 F.2d 761, 765 (2d Cir.1974) (failure to report income from an illegal business); *United States v. DiVarco,* 343 F.Supp. 101, 103–04 (N.D.Ill. 1972), *aff'd,* 484 F.2d 670 (7th Cir.1973), *cert. denied* 415 U.S. 916, 94 S.Ct. 1412, 39 L.Ed.2d 470 (1974) (failure to report correctly the source of income). Once the prosecutor has met his burden of proof with regard to each of these elements, the government has established a prima facie case under § 7206(1). However, in the present case, which never came to trial because the defendant pleaded guilty, the allegation that the government shifted the burden of proof by claiming that the defendant was in the business of selling drugs in an income tax case is an irrelevant argument.

**Notice**

 Edwards also alleges a violation of the right to be placed on notice in regard to what is 'illegal conduct pursuant to § 7206(1). In his brief, defendant claims that he was charged with failing to disclose substantial gross receipts on Schedule C and that Schedule C is not a requirement of the Internal Revenue Code or Regulations. The relevant wording of Counts IX, X, and XI alleges that Edwards "failed to disclose, on an attached schedule C, *or otherwise,* that ... [he] had received ... substantial gross receipts from a business activity...." (Emphasis added.) The critical element of the counts is Edwards' failure to disclose, not his failure to use Schedule C. In regard to another defendant's failure to file or filing of false and fraudulent Schedules E and F, a court noted:

> While there is no explicit requirement in the regulations for the completion and filing of Schedules E and F, it is implicit in required Form 1040 that such schedules, when appropriate, become integral parts of such form and are incorporated therein by reference.... Therefore, we conclude that section 7206(1) required the same duty of honest reporting on schedules as it requires for entries on the Form proper.

*United States v. Taylor,* 574 F.2d 232, 237 (5th Cir.1978). By analogy, we reason that the holding in *Taylor* applies to Schedule C as well. Edwards' reliance on *United States v. Levy,* 533 F.2d 969, 970–71 (5th Cir.1976), to support his argument that no internal revenue law or regulation requires the filing of a Schedule C is, therefore, misplaced.

For the reasons stated above we **AFFIRM** the judgments of conviction of Norman C. Edwards, Jr. and Robert H. Bolden, Jr.