T.C. Memo. 2006-54

UNITED STATES TAX COURT

ELLIS E. NEDER, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2925-94.                    Filed March 23, 2006.

Ellis E. Neder, Jr., pro se.

Stephen R. Takeuchi, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, Judge:  By notice of deficiency dated November 22, 1993, respondent determined a deficiency in petitioner's Federal income tax of $673,145 for 1985, and additions to tax for fraud

under section 6653(b)(1) and (2) and for substantial understatement of tax under section 6661.[1]

Petitioner was convicted of various crimes related to bank loans he obtained and filing false tax returns for 1985 and 1986. The issues for decision are:

1.   Whether petitioner is collaterally estopped from disputing that he failed to report income in 1985.  We hold that he is to the extent discussed herein.

2.   Whether the statute of limitations bars assessment of tax for 1985.  We hold that it does not.

3.   Whether, as respondent contends, petitioner's Federal income tax deficiency for 1985 is $673,145.  We hold that it is.

4.   Whether petitioner is liable for the addition to tax for fraud for 1985.  We hold that he is not.

5.   Whether petitioner is liable for an addition to tax for substantial understatement for 1985.  We hold that he is.

                          FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.   Petitioner

Petitioner was incarcerated in Seagoville, Texas, when the petition was filed.  His permanent residence was in Jacksonville, Florida, before and after his incarceration.

---

[1]   Unless otherwise indicated, section references are to sections of the Internal Revenue Code as applied in 1985.  Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner was an attorney and was admitted to the practice of law. During 1985, petitioner had a money market account at Jacksonville Savings and Loan Association (money market account) and a bank account at Atlantic National Bank of Florida (Atlantic National account).

B.   Petitioner's Real Estate Activities

Petitioner was involved in several real estate development projects in 1985 which we refer to as Southern Grove I, Southern Grove II, Beach Harbor I, and River Creek. He financed those projects with bank loans that he obtained in 1985 totaling $822,500 for Southern Grove I, $525,000 for Southern Grove II, $1,125,000 for Beach Harbor I, and $1,186,750 for River Creek.

Petitioner used shell corporations to buy land from third parties and immediately resell the land at inflated prices to limited partnerships that he controlled. He concealed from lenders the fact that he controlled the shell corporations, that he had purchased the land at prices substantially lower than the inflated resale prices, and that the limited partnerships had not made substantial downpayments.

Petitioner used part of the loan proceeds to buy property from third party sellers and to pay other development costs. In addition, petitioner's attorney wrote checks paying part of the loan proceeds to petitioner's shell corporations. In 1985, petitioner endorsed some of those checks and deposited the

following amounts of the loan proceeds in his money market account or his Atlantic National account: $447,764 from the Southern Grove I loan; $148,253.74 from the Southern Grove II loan; $347,646.45 from the Beach Harbor I loan; and $432,689.60 from the River Creek loan.

C.    Petitioner's Federal Income Tax Return for 1985

Brooks, Brooks & David, certified public accountants, prepared petitioner's 1985 Form 1040, U.S. Individual Income Tax Return.  Petitioner filed that return on December 4, 1987. Petitioner reported $75,000 in wages, $14,883 in interest, and $72,670 in gross rents received.  Petitioner did not report the amounts of the loan proceeds that were deposited in his accounts in connection with the transactions described in paragraph B, above.  Petitioner reported a loss of $18,558 on Schedule C, Profit or (Loss) From Business or Profession, and a loss of $17,670 on Schedule E, Supplemental Income and Loss.  Petitioner reported adjusted gross income of $53,625, itemized deductions totaling $64,703, taxable income of minus $14,198, and no tax due.

D.    Petitioner's Indictment and Conviction

1.    Indictment

In August 1991, petitioner was indicted by a grand jury in the United States District Court in Jacksonville, Florida. Petitioner was charged with the following crimes relating to his

financing of the real estate development projects identified above:  Bank, wire, and mail fraud; conspiracy to defraud a financial institution; submitting false statements (overvalued land appraisals) to Federally insured financial institutions; racketeering; and obtaining land acquisition and construction loans under false pretenses.  Petitioner was also charged in counts 86 and 87 with violating section 7206(1) (willfully filing false tax returns) for 1985 and 1986.[2]  Count 86 of the indictment alleged in pertinent part:

> the defendant * * * did knowingly and willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for the calendar year 1985, * * * which return the defendant did not believe to be true and correct as to every material matter, in that the said return reported a total income of $53,625 for said calendar year, whereas, as the defendant then well knew and believed, he had received additional income in the approximate amount of $1,361,361.79 and had not reported such income in his tax return.
>
>     In violation of Title 26, United States Code, Section 7206(1).

Count 87 of the indictment was substantially like count 86.  It charged that petitioner knowingly failed to report income of $4,268,767.83 on his 1986 tax return.

At the criminal trial, the Government called an Internal Revenue Service special agent (the special agent) as a witness.

---

[2]  Sec. 7206(1) makes it a felony for a person to willfully make and subscribe any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which such person does not believe to be true and correct as to every material matter.

At a sidebar during the Government's direct examination of the special agent, the trial judge made clear that the issue under section 7206(1) was whether petitioner had knowingly made a false statement on his 1985 and 1986 returns, not the amounts of petitioner's unreported income.  The trial judge in the criminal case instructed the jury with respect to counts 86 and 87 as follows:

> Title 26, United States Code, Section 7206(1), makes it a crime for anyone willfully to make a false statement on an income tax return.  "Willfully" means with intent to violate a known legal duty.
>
> The Defendant Neder can be found guilty of that offense as charged in Counts Eighty-six and Eighty-seven, only if all of the following elements are proved beyond a reasonable doubt:
>
> First:    That the Defendant signed an income tax return that contained a written declaration that it was made under penalties of perjury;
>
> Second:   That in this return the Defendant falsely reported a total income in his 1985 return of $53,625 and in his 1986 return a minus $980,377;
>
> Third:    That the Defendant knew the statement was false; and
>
> Fourth:   That the Defendant made the statement on purpose, and not as a result of accident, negligence or inadvertence.

The trial judge did not ask the jury to decide the amount of petitioner's unreported income.

## 2.  Conviction and Sentencing

Petitioner was convicted of conspiracy to defraud a financial institution, bank fraud, mail fraud, wire fraud, making false statements to financial institutions, racketeering, and filing false tax returns for 1985 and 1986.  He was sentenced to 12 years and 3 months in prison and 5 years of probation, and he was ordered to make restitution totaling more than $25 million to various financial institutions.  Petitioner's prison sentence included 3 years for filing a false tax return for 1985.

## 3.  Petitioner's Criminal Appeals

The United States Court of Appeals for the Eleventh Circuit affirmed petitioner's convictions.  United States v. Neder, 136 F.3d 1459 (11th Cir. 1998).  The United States Supreme Court (1) held that an error in jury instructions relating to the charge that petitioner had filed false tax returns under section 7206(1) for 1985 and 1986 was harmless; (2) affirmed petitioner's convictions under section 7206(1) for 1985 and 1986; and (3) reversed and remanded various non-tax counts for determinations whether certain errors were harmless.  Neder v. United States, 527 U.S. 1 (1999).  On remand, the Court of Appeals held that the errors with regard to petitioner's non-tax convictions were harmless and affirmed those convictions.  United States v. Neder, 197 F.3d 1122 (11th Cir. 1999).

Petitioner filed with the District Court a motion for new trial on the ground that the Government had improperly failed to disclose certain exculpatory evidence and improperly used false testimony of petitioner's attorney. The District Court denied petitioner's motion. The Court of Appeals affirmed the District Court's ruling.

In December 2001, petitioner filed with the District Court a motion to vacate, set aside, or correct his sentence and judgment of conviction. Petitioner alleged in the motion that he was a victim of prosecutorial misconduct because the Government had failed to disclose material, exculpatory evidence, including evidence that his attorney had contracted to buy a condominium at one of petitioner's developments and that petitioner had provided the deposit. The District Court denied petitioner's motion. The Court of Appeals affirmed the District Court's ruling. Petitioner filed a petition for writ of certiorari, which was denied. The judgment of conviction entered against petitioner is final.

OPINION

A. Whether Collateral Estoppel Applies, and If So, to What Extent

1. Background

The parties dispute whether petitioner is collaterally estopped by his criminal convictions from denying certain facts.

If collateral estoppel applies, the judgment in a prior action precludes relitigation in a second action of issues actually litigated and necessary to the outcome of the first action. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979); Meier v. Commissioner, 91 T.C. 273, 282 (1988).

Collateral estoppel applies if: (1) The issues presented in subsequent litigation are in substance the same as those decided in earlier litigation; (2) there is a final judgment rendered by a court of competent jurisdiction in the earlier litigation; (3) the doctrine is invoked against a party (or their privies) to the prior judgment; (4) the parties actually litigated the issues and the resolution of these issues was essential to the prior decision; and (5) the controlling facts and applicable legal principles are unchanged from those in the prior litigation. Brotman v. Commissioner, 105 T.C. 141, 148 (1995); Peck v. Commissioner, 90 T.C. 162, 166-167 (1988), affd. 904 F.2d 525 (9th Cir. 1990). Collateral estoppel does not apply if "special circumstances" are present which give reason to doubt the quality or fairness of procedures followed in prior litigation. Montana v. United States, 440 U.S. 147, 162 (1979); Meier v. Commissioner, supra at 291-292. The parties agree that requirements (2), (3), and (5) are met.

2.   Whether Special Circumstances Are Present

Petitioner contends that collateral estoppel does not apply because the Government lost or destroyed exculpatory evidence that was critical to his criminal defense and that the prosecutor and other attorneys engaged in misconduct at his criminal trial.

Petitioner previously litigated his claims of misconduct by the prosecutor and attorneys.  The District Court and the Court of Appeals rejected those claims.  Petitioner's evidence in this case supporting these claims was vague and uncorroborated.  Petitioner has not shown that the procedures in his criminal trial were unfair.  We conclude that no special circumstances exist to bar the application of collateral estoppel here.

3.   Effect of Application of Collateral Estoppel

Petitioner contends that the issues in this case and the criminal case are not substantially the same and thus that collateral estoppel does not apply because this is a civil case. We disagree.  A person convicted of a crime can be collaterally estopped in a later civil case from disputing matters necessary to the criminal conviction.  Appley v. West, 832 F.2d 1021, 1026 (7th Cir. 1987); Otherson v. Dept. of Justice, 711 F.2d 267, 271 (D.C. Cir. 1983); Brooks v. Commissioner, 82 T.C. 413, 431 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985).

We conclude that petitioner is collaterally estopped from denying that he used mail and electronic means to obtain loans from financial institutions by fraud and misrepresentation, and that he was convicted of 1 count of conspiracy to defraud a financial institution, 12 counts of bank fraud, 9 counts of mail fraud, 10 counts of wire fraud, 37 counts of making false statements to financial institutions, and 2 counts of racketeering under 18 U.S.C. section 1962(c) and (d) (2000).

Petitioner is also estopped from denying that he was convicted of violating section 7206(1) for 1985 and 1986, and more specifically, that (1) he signed a tax return under the penalties of perjury; (2) he did not believe the return to be correct as to every material matter; and (3) he acted willfully. See <u>United States v. Edwards</u>, 777 F.2d 644, 651 (11th Cir. 1985).

4. <u>Whether Petitioner Is Collaterally Estopped From Disputing That He Had Income in 1985 Equal to the Portion of the Loans He Put in His Accounts</u>

Respondent contends that, as a result of his conviction under section 7206(1), petitioner is collaterally estopped from denying that he received and knowingly failed to report $1,372,360[3] of income in 1985. We disagree.

The trial judge in petitioner's criminal case made clear that the jury was not asked to decide the amount of petitioner's

---

[3] The amount of unreported income alleged in the indictment was $1,361,361.79.

unreported income for 1985. The prosecution's sole grounds for contending that petitioner filed a false tax return for 1985 was that petitioner did not report as income deposits into his personal accounts of parts of the loan proceeds. Since these were the only allegations that petitioner's return was false, it was essential to petitioner's criminal conviction under section 7206 that the jury concluded that to some extent the money deposited in petitioner's accounts was income to petitioner. Collateral estoppel applies only to the extent a finding was necessary to the result in petitioner's criminal case. We conclude that petitioner is barred by the doctrine of collateral estoppel from disputing that he received but intentionally failed to report some amount of unreported income in 1985.

B.   Whether the Statute of Limitation Bars Assessment of Tax

Petitioner filed his 1985 tax return on December 4, 1987. The notice of deficiency was mailed slightly less than 6 years later, on November 22, 1993. Petitioner contends that the notice of deficiency was untimely because it was mailed more than 3 years after petitioner filed his 1985 return on December 4, 1987.

Section 6501 bars sending a notice of deficiency more than 3 years after the later of (1) the date the tax return was filed, or (2) the due date of the tax return unless an exception to the three-year time limit applies. However, the Commissioner has 6 years to send the notice of deficiency if the Commissioner proves

by a preponderance of the evidence that an omitted amount exceeding 25 percent of the gross income reported was properly includable in gross income. Sec. 6501(e)(1)(A); Burbage v. Commissioner, 82 T.C. 546, 553 (1984), affd. 774 F.2d 644 (4th Cir. 1985); Philipp Bros. Chems., Inc. v. Commissioner, 52 T.C. 240, 254-255 (1969), affd. 435 F.2d 53 (2d Cir. 1970). Petitioner reported gross income in the amount of $162,553 in his 1985 return; 25 percent of this amount is $40,638.25. As stated above at paragraph A-4, petitioner is collaterally estopped from denying that he received some amount of unreported income in 1985. Petitioner nominally borrowed funds for commercial purposes, yet he deposited $1,372,360 of the proceeds into his personal accounts. He did not need that portion of the proceeds to buy the property for which the loans nominally were made. He exaggerated the value of the collateral provided for the loans. These violations of the usual obligations of a borrower are sufficient to show by a preponderance of the evidence that he did not intend to fully repay the loans. Given the massive amount of the deposits ($1,372,360), we infer that petitioner received income of more than $40,638.25 from his deposits of loan proceeds into his personal accounts in 1985. Petitioner introduced no evidence to the contrary. Thus, we conclude that petitioner omitted more than 25 percent of his gross income, and respondent

timely mailed the notice of deficiency within 6 years of the date petitioner filed his 1985 tax return.

C.    Whether Respondent's Determination of Petitioner's Income Tax Deficiency for 1985 Is Correct

Respondent determined that petitioner failed to report taxable income in the amount of $1,376,353 for 1985 and that he has a deficiency in tax in the amount of $673,145 for 1985. Respondent's determination of petitioner's deficiency is presumed to be correct, and petitioner bears the burden of proving otherwise.  See Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111 (1933).[4]

Before relying on this presumption, the Commissioner must introduce evidence linking the taxpayer to an income-producing activity.  Weimerskirch v. Commissioner, 596 F.2d 358, 361, 362 (9th Cir. 1979), revg. 67 T.C. 672 (1977).  Respondent has done this.  Petitioner conducted transactions that led to the deposits of large amounts of money into his personal accounts, and, as discussed above, petitioner is collaterally estopped from denying that he received some income from those deposits.

---

[4]  Petitioner does not contend that respondent's determination is arbitrary.  See Helvering v. Taylor, 293 U.S. 507 (1935).

The parties do not discuss the burden of proof.  Because the notice of deficiency was issued in 1994, i.e., before July 22, 1998, sec. 7491 does not apply.  See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(a), 112 Stat. 726.

Petitioner offered no evidence showing that respondent's determination was erroneous.[5]  We conclude that petitioner's deficiency for 1985 is the amount that respondent determined.

D.  <u>Whether Petitioner Is Liable for the Addition to Tax for Fraud</u>

  1.  <u>Background</u>

Respondent contends that petitioner is liable for the addition to tax for fraud under section 6653(b) for 1985.[6]  Fraud is actual, intentional wrongdoing designed to evade a tax believed to be owing.  <u>Webb v. Commissioner</u>, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81.  To prevail under section 6653(b)(1), the Commissioner must prove by clear and convincing evidence:  (1) Petitioner underpaid tax for 1985, and (2) some part of the underpayment is due to fraud.  Secs. 6653(b), 7454(a); Rule 142(b); <u>Parks v. Commissioner</u>, 94 T.C. 654, 660-661 (1990); <u>Petzoldt v. Commissioner</u>, 92 T.C. 661, 699 (1989).  The fact that petitioner failed to meet his burden of proof on the underlying deficiency in this case does not relieve respondent of the burden to prove, by clear and convincing

_____

[5]  Petitioner made no argument about respondent's determination.  At trial and in his posttrial briefs, he argued only that respondent had unclean hands and that the Government had lost or destroyed exculpatory evidence.

[6]  For 1985, the addition to tax for fraud consists of 50 percent of the underpayment amount, sec. 6653(b)(1), plus 50 percent of the interest due on the portion of the underpayment attributable to fraud, sec. 6653(b)(2).

evidence, both elements of fraud.  <u>Fairchild v. United States</u>, 240 F.2d 944, 947 (5th Cir. 1957); <u>Olinger v. Commissioner</u>, 234 F.2d 823 (5th Cir. 1956), affg. in part and revg. in part T.C. Memo. 1955-9; <u>Drieborg v. Commissioner</u>, 225 F.2d 216, 218 (6th Cir. 1955), affg. in part and revg. in part a Memorandum Opinion of this Court; <u>Estate of Beck v. Commissioner</u>, 56 T.C. 297, 363 (1971); <u>Otsuki v. Commissioner</u>, 53 T.C. 96, 106 (1969).

2.  <u>Fraudulent Intent</u>

Respondent bears the burden of proving by clear and convincing evidence that petitioner had fraudulent intent.  Sec. 7454(a); Rule 142(b).  Fraudulent intent may be proved by circumstantial evidence because direct evidence of fraud is rarely available.  <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 210 (1992); <u>Petzoldt v. Commissioner</u>, <u>supra</u>; <u>Gajewski v. Commissioner</u>, 67 T.C. 181, 200 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978).

a.  <u>Section 7206 Conviction</u>

Respondent contends that petitioner's conviction under section 7206(1) for 1985 shows that petitioner's underpayment of tax for 1985 is due to fraud.  We disagree.  A section 7206(1) conviction is a badge of fraud.  <u>Bradford v. Commissioner</u>, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601; <u>Wright v. Commissioner</u>, 84 T.C. 636, 641, 643 (1985).  However, a finding of fraudulent intent is not essential to a conviction

under section 7206(1), and a conviction under section 7206(1) does not establish that the taxpayer had fraudulent intent to underpay tax even if the sole allegation that the return was false was that the taxpayer had knowingly omitted a substantial amount of income.  Wright v. Commissioner, supra at 643.[7]

Respondent contends that petitioner's failure to report millions of dollars of income for 2 years is a badge of fraud. We disagree.  Respondent has not shown the amount of petitioner's underpayment by clear and convincing evidence.  Two years of conduct is not a pattern for purposes of establishing a badge of fraud.  See Loftin & Woodard, Inc. v. United States, 577 F.2d 1206, 1239 (5th Cir. 1978) (2 years do not "a pattern make").

b.  Convictions Relating to Bank Loans

Respondent contends that testimony by the special agent at petitioner's criminal trial clearly and convincingly shows that petitioner fraudulently intended to evade tax.  We disagree.

First, it is well established that conviction under section 7206(1) is not sufficient to establish fraud.  See United States v. Edwards, 777 F.2d at 651; Wright v. Commissioner, supra.

---

[7]  We have found taxpayers convicted under sec. 7206(1) not to be liable for fraud where the sole allegation that the return was false was that the taxpayer knowingly omitted a substantial amount of income.  See, e.g., Kemp v. Commissioner, T.C. Memo. 2004-153; McGowan v. Commissioner, T.C. Memo. 2004-146; Wickersham v. Commissioner, T.C. Memo. 1999-276; McCulley v. Commissioner, T.C. Memo. 1997-285; Cox v. Commissioner, T.C. Memo. 1985-324; Rinehart v. Commissioner, T.C. Memo. 1983-184.

Second, we did not have an opportunity to observe the special agent's testimony.  Respondent called no witnesses in this case, did not establish that witnesses with personal knowledge of the facts were unavailable, and did not examine petitioner regarding the fraud issue even though petitioner testified at the trial in this case.

Third, parties in our Court sometimes stipulate that testimony from another case will be received into evidence as if it were testimony in our case.  See, e.g., Am. Lithofold Corp. v. Commissioner, 55 T.C. 904, 914 (1971); Sparkman v. Commissioner, T.C. Memo. 2005-136 n.4; Sexcius v. Commissioner, T.C. Memo. 1996-175 n.3; Estate of Baxter v. Commissioner, T.C. Memo. 1992-4; Rhodes v. Commissioner, T.C. Memo. 1977-33; Haimowitz v. Commissioner, T.C. Memo. 1971-241 n.2.  The testimony of one of respondent's agents at petitioner's criminal trial was attached to the stipulation in this case, but petitioner made clear at the start of the trial that he did not intend to stipulate that the prior testimony was admissible as if it were testimony in this case.  Absent a meeting of the minds of the parties on this point, we do not consider the testimony from the criminal case as if it were testimony in this case.

We sustained respondent's determination that part of the proceeds of several loans that petitioner deposited in his bank accounts was income to him in 1985; however, neither the

determination nor the record provides clear and convincing evidence that petitioner omitted the loan proceeds from income with fraudulent intent. C.B.C. Super Markets, Inc. v. Commissioner, 54 T.C. 882, 896 (1970).

   c.   Petitioner's Testimony in His Criminal Case

Respondent contends that petitioner's testimony at his criminal trial that he relied on advice of counsel that the loans were not income shows that he fraudulently intended to evade tax because his prior testimony was not credible. Respondent cites no case in which any court considered testimony in another case as a badge of fraud in a civil tax case. Petitioner's testimony at his criminal trial is not a part of our record. We have already considered the appropriate role and effect of petitioner's criminal conviction on the fraud issue in this case. Respondent provides no reason or authority for separately considering petitioner's testimony at his criminal trial as a badge of fraud.

   d.   Conclusion

Respondent has not shown by clear and convincing evidence that petitioner intended to evade tax for 1985 that he knew he owed.

E.   Whether Petitioner Is Liable for the Addition to Tax for Substantial Understatement

Petitioner contends that he is not liable for the addition to tax under section 6661(a) for substantial understatement. In

1985, section 6661(a) imposed an addition to tax of 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax.  Petitioner bears the burden of proving that he is not liable for the addition to tax under section 6661.  Rule 142(a).

Petitioner offered no evidence or argument that he is not liable for the addition to tax under section 6661(a) for 1985. We conclude that petitioner is liable for the section 6661(a) addition to tax for 1985.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.