[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 7, 2009
THOMAS K. KAHN
CLERK

No. 08-10796
Non-Argument Calendar
_____

D. C. Docket No. 99-08140-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CONROY H. TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 7, 2009)

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Conroy Taylor appeals his conviction for distribution of cocaine base. Taylor argues that his Sixth Amendment right to a speedy trial was violated and that the statute of limitations had expired while his indictment was sealed.

I.

Taylor argues that he suffered significant prejudice because of the eight-year delay between indictment and trial. He contends that the district court erred when it determined that he knew about the indictment and failed to timely assert his speedy trial rights. He argues that he left the country to care for his sick mother in Jamaica before the indictment was issued, and there was no evidence that he was aware of the indictment or the charges against him. Even assuming that the marshal who was attempting to locate him had told Taylor's ex-wife that there was a warrant for his arrest, he asserts there was no evidence that he knew of the warrant. Therefore, the district court's finding that he knew of the indictment was clearly erroneous, and the presumption of prejudice required dismissal of the indictment.

"[W]hether a defendant's constitutional right to a speedy trial has been violated is a mixed question of law and fact. Questions of law are reviewed de novo, and findings of fact are reviewed under the clearly erroneous standard." United States v. Ingram, 446 F.3d 1332, 1336 (11th Cir. 2006) (quotation omitted).

2

A court should apply a four-factor test to determine whether the delay between the initiation of criminal proceedings and the beginning of trial violates a defendant's right to a speedy trial: (1) the length of the delay; (2) the cause of the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the presence or absence of prejudice resulting from the delay. Id. A two-year delay between indictment and trial weighs against the government. Id. at 1336-37. A delay attributable to negligence is weighted less heavily than a deliberate delay, but still counts against the government. United States v. Dennard, 722 F.2d 1510, 1513 (11th Cir. 1984). When the investigation was not performed diligently, however, it weighs heavily against the government. Ingram, 446 F.3d at 1339-40 (holding that a two-year delay weighed heavily against the government when the arresting officer knew where the defendant lived and worked and made only weak efforts to contact the defendant). Moreover, as the delay between indictment and trial lengthens, negligence may weigh heavily against the government. Doggett v. United States, 505 U.S. 647, 657-58, 112 S.Ct. 2686, 2694 (1992) (holding that a six-year delay caused by negligence weighed heavily against the government). A defendant has no duty to bring himself to trial. Ingram, 446 F.3d at 1337.

If the defendant knew of the indictment years before he was arrested and waited until arrest to invoke his right to a speedy trial, the third factor would weigh

heavily against the defendant. <u>Doggett</u>, 505 U.S. at 653, 112 S.Ct. at 2691. Where the defendant did not know of the indictment until arrest, however, he may promptly assert his right to a speedy trial after arrest, and it weighs heavily against the government. <u>Ingram</u>, 446 F.3d at 1340. A defendant may invoke the right to a speedy trial after indictment, information, other formal charge, or upon "arrest and holding to answer a criminal charge." <u>Dillingham v. United States</u>, 423 U.S. 64, 65, 96 S.Ct. 303, 304, 46 L.Ed.2d 205 (1975). A "charge" is defined as a formal accusation of a crime, and an arrest warrant authorizes a law enforcement officer to arrest a person and bring him to court. Black's Law Dictionary 227, 1579 (Deluxe 7th ed. 1999). Unless the first three factors all weigh heavily against the government, the defendant must demonstrate actual prejudice. <u>United States v. Mitchell</u>, 769 F.2d 1544, 1547 (11th Cir. 1985). Failure to argue an issue in the appeal brief waives the issue. <u>See</u> <u>Farrow v. West</u>, 320 F.3d 1235, 1242 n.10 (11th Cir. 2003).

Here, the district court found that the first two factors weighed against the Government but that the second factor did not weigh heavily because there was no evidence of bad faith on the part of the Government. Instead, the court found that the Government was only negligent in its pursuit of Taylor after June 2004 and thus weighing heavily against the Government was not appropriate. Taylor does

4

not challenge this interpretation of the evidence. On the third prong, the district court apparently credited the agents' testimony over Taylor's and his ex-wife's when it determined that Taylor had known about the charges since January 2000. In light of the fact that Taylor's wife told agents in 2000 that she thought Taylor would soon return to the United States but he stayed away from his family and home for seven years, we cannot conclude that the district court erred when it found that Taylor knew about the charges. Therefore, we agree that the third factor does not weigh against the Government and therefore Taylor must show actual prejudice. Other than some vague statements about prejudice, Taylor has not produced any evidence of prejudice from the delay. Without such evidence, Taylor's claim fails.

## II.

Taylor argues that the statute of limitations had expired by the time the indictment was unsealed. He argues that the government failed to properly seal the indictment because it provided no reason in its motion to seal for sealing the indictment. Therefore, the government could not properly seal the indictment, and the district court should have dismissed it because the statute of limitations had expired by the time it was unsealed.

A denial of a motion to dismiss an indictment is reviewed for abuse of discretion, but underlying legal errors, including due process claims, are reviewed de novo. United States v. Robison, 505 F.3d 1208, 1226 n.24 (11th Cir. 2007), petition for cert. filed (Sept. 22, 2008) (No. 08-364). A statute of limitations is tolled by the timely filing of an indictment, and a properly sealed indictment "is timely even though the defendant is not arrested and the indictment is not made public until after the end of the statutory limitations period." United States v. Edwards, 777 F.2d 644, 647 (11th Cir. 1985). An indictment may be sealed for reasons beyond locating and gaining custody over the defendant, including public interest, sound reasons of policy, or other sufficient reason. See id. at 647-648 (quoting United States v. Southland, 760 F.2d 1366 (2d Cir. 1985) and discussing reasons for sealing). Moreover, "[c]ourts have dismissed indictments maintained under seal beyond the limitation period only upon a showing of substantial, irreparable, actual prejudice to the defendants." See id. at 649 (holding that the defendants failed to show "the inaccessibility of witnesses, the diminution of memories, or other indicia of actual prejudice").

The district court did not err when it determined that the statute of limitations had not expired. At the hearing, the Government asserted that it had sealed the indictment to coordinate the arrests of other defendants implicated in the

6

investigation. This reason was sufficient to seal the indictment and toll the statute of limitations. On appeal, Taylor has not argued that the delay caused him actual prejudice and has, therefore, waived that argument. Thus the district court correctly denied the motion to dismiss the indictment for violation of the statute of limitations.

AFFIRMED.[1]

---

[1] Taylor's request for oral argument is denied.