**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-14116

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RENE SANCHEZ RAMOS,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:21-cr-14040-AMC-1

————————————————

Before JORDAN, KIDD, and TJOFLAT, Circuit Judges.

PER CURIAM:

Rene Ramos pleaded guilty to possession with intent to distribute a controlled substance and was sentenced to 120 months'

imprisonment, followed by five years' supervised release. He appeals his conviction, arguing that the Court should set it aside and let him withdraw his guilty plea because he did not fully understand the consequences of pleading guilty. He also argues that there is a clerical error in his judgment of conviction, so, if the Court does not allow him to withdraw his guilty plea, it should remand his case to correct the clerical error.[1] We affirm.

## I.

Ramos was indicted on two counts. Count One was for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi), and Count Two was for possession of a firearm by an illegal or unlawful alien, in violation of 18 U.S.C. § 922(g)(5)(A). The indictment stated that Count One involved 50 grams or more of methamphetamine.

Ramos entered into a plea agreement with the Government, agreeing to plead guilty to Count One in exchange for the Government dismissing Count Two and making certain favorable sentencing recommendations. Paragraph 4 of the Agreement stated that "[a]s to Count One of the indictment, Defendant understands and acknowledges that the Court must impose a minimum term of imprisonment of 10 years," and Paragraph 12 stated that "[t]his Office and Defendant agree that Defendant is not eligible for relief from the statutory minimum sentence set forth in Paragraph 4 by virtue

---

[1] Ramos's plea agreement contained an appeal waiver. However, because Ramos challenges the validity of his plea and not his sentence, both parties agree that the waiver does not apply here.

of Title 18, United States Code, Section 3553(f)." The agreement went on to state that "Defendant fully acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, . . . that his attorney has answered each of his questions about the strength of the government's case" as well as various rights, and that "he is fully satisfied with the representations provided by his attorney." Finally, the agreement concluded by stating that "[t]his is the entire agreement and understanding between this Office and Defendant. There are no other agreements, promises, representations, or understandings."

At Ramos's change of plea hearing, Ramos confirmed that he fully understood the proceeding, that he had enough time to fully discuss the charges against him with his attorney, and that he was fully satisfied with his attorney. He also stated that he had a high school education; had never been treated for any mental illness; and was not under the influence of any drugs, alcohol, or intoxicants. The Court then asked Ramos whether he understood various specific aspects of his plea agreement. Portions of that conversation are reproduced below:

> Q All right. Let's go over the statutory penalties. I want to make sure you understand those[.]
>
> . . .
>
> Q . . . I want to make sure you understand that the maximum possible penalty provided by law that you face as a result of pleading guilty to the charge in the indictment is life imprisonment and you also face a

mandatory minimum term of imprisonment of ten years; do you understand that, sir?

A Yes.

. . .

Q Now I want to address one additional matter which is set forth in paragraph 12 of the written plea agreement . . . . That states that you agree that you are not eligible for relief from the statutory minimum sentence set forth in paragraph four by virtue of Title 18, United States Code, Section 3553(f). Do you understand what that means, sir?

A Yes.

Q So to be clear, under federal law, if certain conditions are met, a court can impose a sentence without regard to a mandatory minimum sentence; but you, sir, are agreeing in this paragraph that you are not eligible for that statutory safety valve; do you understand, sir?

A Yes.

Q All right. Now, having covered the statutory penalties, are you aware, sir, that those are all possible consequences of your guilty plea here today?

A Yes.

The Court then stated that it "would like to review the sentencing guidelines," and it asked Ramos if he had time to discuss with his attorney how the Guidelines might apply in his case, if he understood that the Guidelines are not binding or mandatory, and

if he understood that the Court could sentence him above or below the Guidelines' recommendation "up to the maximum permitted by law." To each of these questions, Ramos responded "yes." Ramos's attorney then confirmed that Ramos signed the written plea agreement, and Ramos confirmed that he had a "full and complete" opportunity to discuss the written plea agreement with his attorney, that he understood it "in its entirety," and that it represented his entire agreement with the Government.

The Court accepted Ramos's guilty plea, stating that it found that Ramos was

> alert and intelligent, . . . fully competent and capable of entering an informed plea in this case, . . . aware of the nature of the charge and the consequences of the plea, and that the plea of guilty [was] a knowing and voluntarily [sic] plea supported by an independent basis in fact.

At sentencing, the Court sentenced Ramos to the statutory mandatory minimum of 120 months' imprisonment, followed by five years' supervised release. It then asked if Ramos or his attorney objected to its finding of fact or the manner in which it pronounced the sentence; neither objected.

Ramos's attorney did not appeal, and Ramos later filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. He alleged eight grounds in his motion, and the District Court rejected all but one—that Ramos's counsel was ineffective for failing to file a direct appeal despite Ramos instructing her

to. The Court stated that nothing in the record indicated that Ramos's attorney disregarded an instruction to appeal, but "although Defendant's showing of prejudice is bare, there is at least a colorable argument that defense counsel had a duty to further consult with him about an appeal after sentencing." The Court vacated the original judgment in the case and reimposed the same sentence to allow Ramos to file a direct appeal. It also appointed Ramos new counsel for the appeal.

## II.

Ramos, pointing to Rule 11 of the Federal Rules of Criminal Procedure,[2] argues that the Court erred in accepting his guilty plea because he did not fully understand that he would be subject to a mandatory minimum sentence.

We review unpreserved claims of error, including constitutional and procedural challenges to a guilty plea, for plain error. *United States v. Presendieu*, 880 F.3d 1228, 1237–38 (11th Cir. 2018). "To establish plain error, a defendant must show: (1) an error; (2) that was obvious; (3) that affected the defendant's substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Dudley*, 5 F.4th 1249, 1255 (11th Cir. 2021). To show that his substantial rights

---

[2] "Before the court accepts a plea of guilty[, it] must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, [various rights and consequences of his guilty plea, including] any mandatory minimum penalty." Fed. R. Crim. P. 11(b)(1).

have been affected, "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).

"Because a guilty plea involves the relinquishment of several constitutional rights and privileges, it must be entered voluntarily and knowingly." *Presendieu*, 880 F.3d at 1238. "Rule 11(b) sets out procedures that district courts must follow when accepting guilty pleas" in order "to address the three 'core objectives' necessary for a knowing and voluntary guilty plea." *Id.* These objectives are (1) whether the defendant entered the guilty plea free from coercion; (2) whether the defendant understands the nature of the charges; and, of relevance here, (3) whether the defendant understands the consequences of the guilty plea. *Id.*

Ramos maintains that the Court did not "factually explain[] to him the unpleasant legal reality that [it could not] go below th[e] 10-year minimum mandatory in its sentencing pronouncement" or "precisely explain . . . the meaning of safety valve and why safety valve [was] inapplicable to his case." He also argues that the Court's statements about the Sentencing Guidelines—that they are not mandatory and that a court can sentence above or below their recommendation—caused confusion. He, therefore, did not under-

stand that he was subject to a 10-year mandatory minimum sentence, so it was plain error for the Court to accept his guilty plea. We disagree.

The Court explicitly referenced the written plea agreement, in which Ramos agreed that he understood "the Court must impose a minimum term of 10 years" and agreed that he was not eligible for relief from that requirement. This alone shows compliance with the Rule 11 principle that the defendant be aware of the consequences of his plea. *See United States v. Jones*, 143 F.3d 1417, 1420 (11th Cir. 1998) ("[W]ritten plea agreements [are] part of the record of the Rule 11 hearing[, and] where a signed, written plea agreement describing a mandatory minimum sentence is specifically referred to during a Rule 11 plea colloquy, the core principle that the defendant be aware of the consequences of his plea has been complied with." (citations omitted)).

The Court went further than that by asking Ramos if he understood that he was subject to a mandatory minimum, if he understood that he was not eligible for a safety valve exemption, and if he understood each statement it made about the Sentencing Guidelines.[3] Ramos responded "yes" to each question, and the Court was entitled to believe him. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that

---

[3] Further, when the Court ended its discussion of the statutory requirements and began its discussion of the Sentencing Guidelines, it explicitly stated that it was switching topics.

the statements made during the colloquy are true."). The Court was not required to do more. It did not err.

Ramos therefore fails under the first prong of plain error review. We need not discuss the other prongs.

### III.

Ramos also argues that his judgment of conviction contains a clerical error, warranting remand for correction, as it does not include the quantity of drug his crime involved. He states that the plea agreement, factual proffer, plea colloquy, and sentencing hearing all described his offense as "Possession with Intent to Distribute a Controlled Substance, 50 grams or more of Methamphetamine" but that the judgment of conviction describes the offense as "Possession with Intent to Distribute a Controlled Substance," constituting a clerical error.

He did not raise this issue to the District Court, so we review for plain error. As above, plain error requires the defendant to show "(1) an error; (2) that was obvious; (3) that affected the defendant's substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Dudley*, 5 F.4th at 1255.

A judgment of conviction must include "the plea, the jury verdict or the court's findings, the adjudication, and the sentence." Fed. R. Crim. P. 32(k)(1). And "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment." Fed. R. Crim. P. 36. We treat "written judgment[s] that unambiguously conflict[] with the oral pronouncement" as clerical

errors. *United States v. Read*, 118 F.4th 1317, 1322 (11th Cir. 2024), *as corrected* (Oct. 3, 2024); *see also United States v. Gomez Rivera*, 136 F.4th 1284, 1290–91, 1296 (11th Cir. 2025) (holding that it was clerical error for the judgment to state that the defendant was found guilty of Count One in the *Second* Superseding Indictment where the other docket entries referenced Count One in the *First* Superseding Indictment). However, our Circuit has not determined that simply omitting a drug quantity from a written judgment constitutes such a conflict.

Here, the Court, at sentencing, adjudged Ramos guilty of "possession with intent to distribute 50 grams or more of methamphetamine" in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(viii), and it stated in his judgment of conviction that he was adjudicated guilty of "possession with intent to distribute a controlled substance" in violation of 21 U.S.C. §§ 841(a) and (b)(1)(viii). As such, the oral pronouncement at sentencing gave more detail than the judgment of conviction by including the drug quantity in the offense description. In other words, there is clearly a discrepancy between the two references, but there is not an "unambiguous[] conflict." *Read*, 118 F.4th at 1322. And, though it is arguable whether a discrepancy is an error in its own right, Ramos has provided no rule, law, or statute directly stating as much. *See United States v. Corbett*, 921 F.3d 1032, 1037 (11th Cir. 2019) ("[W]here the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."). He also has not provided any rule, law, or statute directly stating that a Court

must include the drug quantity in a judgment of conviction. Therefore, though we make no holding as to whether the Court erred, we hold that the Court certainly did not obviously err. Ramos fails under the second prong of plain error review.

## IV.

The District Court did not plainly err in accepting Ramos's guilty plea or in failing to include the drug quantity in his judgment of conviction. We affirm.

**AFFIRMED.**