**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10760

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DANIEL DEWAYNE CONNER,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:23-cr-00085-JB-N-1

_____

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Daniel Conner appeals his conviction and 180-month sentence for possessing a firearm as a convicted felon. He argues that the district court erred by denying his motions to withdraw his

guilty plea and to dismiss the indictment, and by finding, after a bench trial, that his previous drug offenses were committed on different occasions within the meaning of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). We disagree and affirm.

## I.

We review a district court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. *United States v. Rowe*, 143 F.4th 1318, 1324 (11th Cir. 2025). We also review a district court's denial of a defendant's motion to dismiss the indictment for abuse of discretion. *United States v. Gomez Rivera*, 136 F.4th 1284, 1290 (11th Cir. 2025).

We review a district court's bench-trial findings of fact for clear error and its interpretation of the ACCA's different-occasions requirement de novo. *United States v. Pirela Pirela*, 809 F.3d 1195, 1198–99 (11th Cir. 2015); *United States v. Rivers*, 134 F.4th 1292, 1302 (11th Cir. 2025). Ordinarily, we review unpreserved arguments about the admissibility of evidence for plain error. *United States v. Hawkins*, 934 F.3d 1251, 1264 (11th Cir. 2019). But if "a defendant invites error by expressly consenting to the admission of evidence, we will not review his appellate argument contesting that admission, even for plain error." *United States v. Daniels*, 685 F.3d 1237, 1244 (11th Cir. 2012).

## II.

## A.

We turn first to the district court's denial of Conner's motion to withdraw his guilty plea. In determining whether the defendant has shown a "fair and just reason" why he should be permitted to withdraw his guilty plea, district courts consider the totality of the circumstances, including (as relevant here) whether the plea was knowing and voluntary. Fed. R. Crim. P. 11(d)(2)(B); *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). A district court's inquiry into whether a defendant's guilty plea is knowing and voluntary must address three "core concerns": "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Symington*, 781 F.3d 1308, 1314 (11th Cir. 2015).

Although Conner's argument is not clear, he appears to contend that his guilty plea was not knowing and voluntary because the district court did not warn him that he would not be allowed to withdraw the plea if he was unhappy with how the bench trial on his ACCA sentence enhancement was conducted. He likens this alleged omission to a district court's failure to warn a defendant that he would not be permitted to withdraw his guilty plea if the court declined to impose a sentence recommended by the government pursuant to a plea agreement.[1] He points to a provision in

---

[1] To the extent Conner argues that the district court failed to warn him that a plea-agreement sentencing recommendation would not be binding on the

his plea agreement in which the parties agreed that the court would try "all issues of fact and law" related to the ACCA enhancement "without a jury, based upon any stipulations and evidence presented to the Court at a bench trial to be held prior to the sentencing date."

Conner claims vaguely that this provision was not honored because "the manner in which the bench trial was handled" prevented him from "effectively" presenting facts and argument relevant to the determination whether three of his prior drug crimes were committed on different occasions, as required to apply the ACCA enhancement. Because he was not warned at the change-of-plea hearing that the bench trial would be handled in this way, he says, he was not fully informed of the consequences of his guilty plea.

The district court did not abuse its discretion by denying Conner's motion to withdraw his guilty plea. At the change-of-plea hearing, the district court conducted a thorough Rule 11 colloquy with Conner, ensured that his plea was voluntary and that he understood the charges against him, and fully informed him of the consequences of his guilty plea—including the maximum sentence

_____

court or an excuse for withdrawing his plea, that argument is contradicted by the record. At the plea hearing, the district court explained, "If the sentence is more severe than you expected or if I don't accept any kind of sentencing recommendation that may be in your Plea Agreement, you will still be bound by your plea. Even if you don't like the sentence imposed by the Court, you will not be able to withdraw your plea. The time to make that decision is now. Do you understand that?" Conner indicated that he understood.

of 15 years to life in prison that applied with the ACCA sentence enhancement. The court also read the bench-trial provision of the plea agreement aloud to him and answered his questions about it. The district court explained that under the agreement, the court—not a jury—would decide whether the ACCA enhancement applied, and as factfinder, the court would require proof beyond a reasonable doubt. Conner indicated that he understood the maximum penalties and how the court would decide whether the ACCA enhancement applied.

And contrary to Conner's argument on appeal, the district court did not prevent him from introducing any evidence or argument supporting his position at the bench trial. He filed six separate legal briefs making his arguments before the bench trial began. At the beginning of the trial, he submitted nine documentary exhibits—and, after carefully reviewing each exhibit with him on the record, the court admitted them all into evidence. The court then heard his argument about whether the elements of the ACCA enhancement were met, including a lengthy argument on whether the prior crimes were committed on separate occasions. So even assuming that the bench trial could be viewed as a "consequence" of Conner's guilty plea, the district court adequately informed him about the trial and ensured that he understood before accepting his plea.

**B.**

Next, we address Conner's argument that the district court erred by denying his motion to dismiss the indictment. In his motion, he argued that his indictment was void because the U.S. Attorney for the district was not properly appointed under the Appointments Clause of the United States Constitution.

A defendant's knowing and voluntary guilty plea waives all prior non-jurisdictional defects in the proceedings—including non-jurisdictional defects in the indictment. *United States v. Brown*, 752 F.3d 1344, 1347–48, 1354 (11th Cir. 2014). And the appointment of a U.S. Attorney that is not made as provided by the Appointments Clause does not affect the government's power to prosecute or the district court's power to hear and adjudicate a criminal case. *United States v. Suescun*, 237 F.3d 1284, 1287–88 (11th Cir. 2001).

Here, Conner waived any non-jurisdictional defects in the indictment by knowingly and voluntarily entering his guilty plea. *Brown*, 752 F.3d at 1347–48. Because his motion to dismiss alleged, at best, a non-jurisdictional defect in the indictment, he waived any objection to the defect by pleading guilty, and the district court did not abuse its discretion by denying the motion.

**C.**

Last, we consider Conner's argument that the district court erred in finding that his prior drug offenses were committed on different occasions for purposes of the ACCA sentence enhancement. He argues that the district court erred by (1) relying on the indict-

ment, judgment, and guilty-plea documents from his prior drug offenses—four sales of methamphetamine to a confidential informant—to determine the dates of the offenses at the bench trial; and (2) focusing solely on the timing of the four sales to determine that they occurred on separate occasions.

A defendant convicted of being a felon in possession of a firearm ordinarily faces a maximum sentence of ten years in prison. 18 U.S.C. § 924(a)(2). The ACCA increases that penalty to a minimum of fifteen years if the defendant has three or more previous convictions for violent felonies or serious drug offenses that were "committed on occasions different from one another." *Id.* § 924(e)(1).

Determining whether offenses were committed on different occasions within the meaning of the ACCA requires an inquiry into the facts of the prior crimes, including, for example, the times, dates, and locations of the offenses; the similarity of the crimes; and whether they occurred in a single "uninterrupted course of conduct." *Wooden v. United States*, 595 U.S. 360, 369–70 (2022). In this context, a district court may not determine for itself the dates and locations of the prior crimes by referring to so-called "*Shepard* documents," which "include judicial records, plea agreements, and colloquies between a judge and the defendant." *Erlinger v. United States*, 602 U.S. 821, 839–40 (2024); *see Shepard v. United States*, 544 U.S. 13, 26 (2005). Instead, because the result of this factual inquiry may increase the applicable statutory sentencing range, a defendant has the right to have the different-occasions determination made by a unanimous jury beyond a reasonable doubt. *Erlinger*,

602 U.S. at 834–35. But a defendant may waive his constitutional right to a jury trial if he gives "express, intelligent consent" to a bench trial, the government also consents, and the court approves the waiver. *United States v. Diaz*, 540 F.3d 1316, 1321 (11th Cir. 2008).

We reject Conner's argument that the district court improperly relied on *Shepard* documents to determine the dates of his prior drug offenses, for two reasons: *First*, to the extent that Conner complains that the factual basis for his ACCA sentence enhancement was not determined by a jury, he explicitly waived that right in his plea agreement. The district court approved the waiver after confirming at the change-of-plea hearing that it was intelligent and voluntary, and the government also consented to a bench trial. *See id.*

*Second*, to the extent Conner argues that the district court abused its discretion by admitting into evidence at the bench trial a document showing that the prior offenses occurred on different dates—a written statement of facts he adopted as part of his guilty plea in the prior case—he invited that error by consenting to the document's admission in response to a direct inquiry by the district court. *See Daniels*, 685 F.3d at 1244; *United States v. Thayer*, 204 F.3d 1352, 1355 (11th Cir. 2000) (defendant invited error in admitting evidence when the district court asked if he objected to admission and he said that he did not).[2] Under the circumstances, we will not

---

[2] Any error in admitting the statement of facts to establish the dates of the offenses was also harmless, because Conner himself introduced a presentence

25-10760                 Opinion of the Court                      9

hear his argument contesting the admissibility of that document now. *See Daniels*, 685 F.3d at 1244.

We also reject Conner's argument that the district court erred by focusing on the temporal separation between the four sales of methamphetamine for which he was previously convicted to determine that the sales occurred on separate occasions. "In many cases, a single factor—especially of time or place—can decisively differentiate occasions." *Wooden*, 595 U.S. at 369–70. "[O]ffenses separated by substantial gaps in time or significant intervening events" usually will not be counted as a single occasion. *Id.* at 369.

The evidence here showed that Conner sold methamphetamine to a confidential informant four times in 2017: on August 22, August 30, September 6, and September 14. During the same time period, Conner either purchased pseudoephedrine and made the methamphetamine that he sold or purchased methamphetamine from another dealer so that he could re-sell it. According to Conner, the four sales should be counted as a single occasion because three of the four sales occurred at the same location, and all four were part of a pattern of buying, selling, and using methamphetamine with the same confidential informant. We disagree.

---

investigation report from the prior case containing the same information. *See United States v. Malol*, 476 F.3d 1283, 1292 & n.7 (11th Cir. 2007); *United States v. Street*, 472 F.3d 1298, 1315 (11th Cir. 2006).

Although each of the four methamphetamine sales bore some similarities to the others, the passage of at least a week between each sale and the intervening conduct of buying or making more of the drug weigh decisively against counting the four sales as a single occasion. Courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart." *Id.* at 370. The district court did not err by considering the temporal factor to be decisive here, or in determining that the four prior sales of methamphetamine occurred on different occasions.

### III.

The district court did not abuse its discretion by denying Conner's motion to withdraw his guilty plea or his motion to dismiss the indictment. And it did not err in finding, after a bench trial, that the ACCA sentencing enhancement applied because Conner had previously been convicted of at least three serious drug crimes that were committed on different occasions. We therefore affirm his conviction and sentence.

**AFFIRMED.**